

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 1 1 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., | ) ) ) | **RWS** |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | **1** 08-CV-3757 |
| HANOVER FOODS CORPORATION, | ) ) ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff Infor Global Solutions (Michigan), Inc. ("Infor") makes this Complaint against Defendant Hanover Foods Corporation, formerly known as Hanover Brands, Inc. ("Hanover"):

### I.    NATURE OF DISPUTE

1.    Infor brings this suit to seek redress for misconduct resulting from improper use of its copyrighted, proprietary software programs.   Hanover licensed and used certain software owned by Infor.  At some point during its use, Hanover knowingly and willingly violated the terms of its limited license by exceeding the permissible scope of its license, and has since refused to compensate Infor for Hanover's usurped and wrongful use of Infor's software.

2.      Hanover's misconduct warrants a finding of willful copyright infringement and breach of contract, entitling Infor to damages and an injunction.

## II.    **PARTIES**

3.      Infor is a Michigan corporation headquartered in Alpharetta, Georgia. Infor is in the business of creating, licensing and performing services with respect to certain types of software.  Such software includes enterprise resource planning software, which is designed to assist companies in conducting their overall business operations.

4.      Hanover is a Pennsylvania company with its principal place of business in Pennsylvania.  Upon information and belief, Hanover was formerly called Hanover Brands, Inc.  On its website, *http://www.hanoverfoods.com*, Hanover claims to be "the largest independently-owned food processor in the eastern United States."  Upon information and belief, Hanover distributes its products throughout the United States, including the State of Georgia.

## III.   **JURISDICTION AND VENUE**

5.      The Court has original and exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).  The Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).

2

6.      The Court additionally has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship. The amount in controversy exceeds $75,000 exclusive of interest and costs.

7.      Venue is proper in this district court pursuant to 28 U.S.C. § 1400(a), 28 U.S.C. § 1391(b)(1) and 1391(b)(2). The Defendant or his agent resides or may be found in this District. Upon information and belief, Defendant does not contest jurisdiction or venue in this Court.

8.      Process may be served on Hanover at its registered office, 1486 York Street, Hanover, Pennsylvania 17331.

## IV.    **FACTUAL BACKGROUND**

**Infor, Successor In Rights**

9.      Infor is successor in interest to the rights of System Software Associates, Inc. (hereafter referred to as "SSA" or "Infor") as related to the software at dispute in this action.

**The 1987 BPCS Software Agreement**

10.      Hanover and Infor (through predecessors) were parties to a BPCS Software License Agreement dated September 30, 1987 (hereafter referred to as

the "1987 Agreement"), pursuant to which Infor licensed certain software to Hanover.

11.     By executing the 1987 Agreement, the parties expressly agreed that Hanover was permitted to use certain, identified modules of Infor's "BPCS" software (the "BPCS Software") under the terms set out in the 1987 Agreement.

**The 1988 BPCS Software Agreement**

12.     Hanover and Infor (through predecessors) were also parties to another BPCS Software License Agreement dated February 29, 1988 (hereafter referred to as the "1988 Agreement"), pursuant to which Infor licensed certain other software to Hanover.

13.     By executing the 1988 Agreement, the parties expressly agreed that Hanover was permitted to use the "Information Retrieval" module of Infor's BPCS software (the "Information Retrieval Software") under the terms set out in the 1988 Agreement.

**Limitations on Hanover's Use of Infor Software**

14.     Pursuant to the 1987 Agreement, use of the BPCS Software by Hanover was expressly limited to use "only on the computer specified in Schedule A or any computer that is a direct and single replacement for it, and only at the

4

location specified in Schedule A." This limitation is hereafter referred to as the "1987 Limitation."

15. Pursuant to the 1988 Agreement, use of the Information Retrieval Software by Hanover was expressly limited to use "only on the computer specified in Schedule A or *an identical* computer that is a direct and single replacement for it, and only a the location specified in Schedule A." (Emphasis added) This limitation is hereafter referred to as the "1988 Limitation." The 1987 Limitation and the 1988 Limitation are hereafter collectively referred to as the "Computer Limitations."

16. These Computer Limitations indicate the parties' intent that CPU computing power and location is a bargained-for element of the parties' agreements.

**Hanover Ignores the Computer Limitations**

17. Although the Computer Limitations expressly limited how Hanover could use Infor's software, Hanover knowingly and willfully exceeded its permitted use of the software.

18. Hanover used and is using the BPCS Software on a computer that is not "specified in Schedule A" of the 1987 Agreement and is not a "computer that is a direct and single replacement" for the identified computer.

5

19.     Hanover used and is using the Information Retrieval Software on a computer that is not "specified in Schedule A" of the 1988 Agreement and is not "an identical computer that is a direct and single replacement" for the identified computer.

20.     Rather than limit its use of the BPCS Software and Information Retrieval Software as agreed, or request from Infor an amendment to the license agreements to allow use on a different computer, Hanover, without the knowledge or consent of Infor, simply began to knowingly and willfully violate the bargained-for Computer Limitations.

21.     Hanover is using the BPCS Software and the Information Retrieval Software on a computer other than the one listed in the 1987 Agreement or 1988 Agreement respectively.

22.     Hanover is now using the BPCS Software and the Information Retrieval Software on an iSeries Model 810 CPU, a computer with CPU processing power far greater than the computers listed as part of the bargained-for Computer Limitations.

23.     The iSeries Model 810 CPU is not the only replacement computer on which Hanover has used the BPCS Software and the Information Retrieval Software.

6

24.    Hanover refused to submit to an audit of its use of software licensed from and owned by Infor.

25.    Despite demand therefor, Hanover never paid Infor for Hanover's use of the BPCS Software and the Information Retrieval Software beyond the Computer Limitations.

26.    Upon information and belief, Hanover continues today to use the BPCS Software and the Information Retrieval Software beyond the express limits of the 1987 Agreement and 1988 Agreement and in violation of Infor's rights to its intellectual property.

27.    By the actions set forth above, Hanover has acted in bad faith and caused Infor unnecessary trouble and expense.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

28.    Infor repeats and realleges Paragraphs 1 through 27 of the Complaint.

29.    Infor or its predecessors registered its copyright in the software known as BPCS with the U.S. Copyright Office, including registration numbers TX 4-942-450 and TX 4-942-451.  Infor is the current owner of all copyrights in BPCS.

30.    By knowingly using the BPCS Software and the Information Retrieval Software beyond the limits of its license and/or without authorization, Hanover has willfully infringed upon Infor's registered copyright.

31.    As a result, Infor has been, and continues to be, injured.

32.    The actions of Hanover were the direct and proximate cause of Infor's injury.

33.    Infor is entitled to an award of damages in an amount to be proven at trial, including but not limited to statutory damages and/or actual damages and profits under 17 U.S.C. § 504(b).

34.    Infor is also entitled to an order or decree, under 17 U.S.C. § 502(a), directing the impounding of all copies of the Software that have been used by Hanover in violation of Infor's exclusive rights.

35.    Infor is further entitled to an order or decree, under 17 U.S.C. § 502(b), directing the destruction or reasonable disposition of all copies of the Software that have been used by Hanover in violation of Infor's exclusive rights.

36.    Finally, Infor is also entitled to an award of its costs and reasonable attorney's fees under 17 U.S.C. § 505.

## COUNT II
## BREACH OF CONTRACT

37.    Infor repeats and realleges Paragraphs 1 through 36 of the Complaint.

38.    Infor has performed all of its obligations under the 1987 Agreement and the 1988 Agreement and there are no unsatisfied or unexcused conditions precedent to Infor's right to enforce the parties' written contracts.

8

39.    Infor notified Hanover of its non-compliance and Hanover has failed to subsequently cure its breach.

40.    As a result, Infor has been, and continues to be, injured.

41.    The actions of Hanover were the direct and proximate cause of Infor's injury.

42.    Infor is entitled to an award of damages in an amount to be proven at trial.

## COUNT III
## UNJUST ENRICHMENT

43.    Infor repeats and realleges Paragraphs 1 through 42 of the Complaint.

44.    Hanover has benefited from using the BPCS Software and the Information Retrieval Software at the expense of Infor, which has not received the proper fees therefor.

45.    The circumstances by which Hanover obtained the benefit of this unauthorized use of the Software, without paying the proper fees, are unjust and such that Hanover should make restitution.

46.    The Court should order Hanover to pay restitution to Infor, in an amount determined at trial.

## COUNT IV
## INJUNCTION

47.    Infor repeats and realleges Paragraphs 1 through 46 of the Complaint.

48.    Hanover is using the BPCS Software and Information Retrieval Software without having paid the proper license fee.

49.    The continued unauthorized use of Infor's software by Hanover will cause irreparable harm to Infor, for which Infor will have no adequate remedy at law.

50.    The Court should enter a permanent injunction directing Hanover to immediately discontinue the unauthorized use of the BPCS Software and Information Retrieval Software and destroy the software or return it to Infor.

WHEREFORE, Infor demands judgment:

a.    Awarding Infor compensatory damages against Hanover in an amount to be determined at trial, together with pre-judgment interest;

b.    Directing Hanover to pay restitution to Infor in an amount determined at trial;

c.    Entering an injunction directing Hanover to immediately discontinue the unauthorized use of the BPCS Software and Information Retrieval Software;

    d.      Directing the impounding of all copies of the BPCS Software and Information Retrieval Software used by Hanover in violation of Infor's exclusive rights;

    e.      Directing the destruction or reasonable disposition of all copies of the BPCS Software and Information Retrieval Software used by Hanover in violation of Infor's exclusive rights;

    f.      Awarding exemplary damages against Hanover;

    g.      Awarding Infor its costs and reasonable attorney's fees; and

    h.      Granting such other and further relief as may be just and appropriate, including the costs and disbursements of this action.

## JURY DEMAND

Plaintiff hereby demands that all claims in this action be tried to a jury.

This __11th__ day of December, 2008.

By: _____
DANIEL D. ZEGURA
Georgia Bar No. 784822
ddz@rh-law.com
CHRISTOPHER M. GOLDEN
Georgia Bar No. 299539
cmg@rh-law.com

11

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
Telephone: 404-522-4700
Facsimile: 404-525-2224
E-mail: dzegura@rh-law.com

                    Attorneys for Plaintiff
                    Infor Global Solutions (Michigan), Inc.