**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

INFOR GLOBAL SOLUTIONS
(MICHIGAN), INC.,

    Plaintiff,

v.

HANOVER FOODS CORPORATION,

    Defendant.

CIVIL ACTION NO.
1:08-CV-3757-RWS

## **ORDER**

This case comes before the Court on Defendant Hanover Foods Corporation's Motion to Dismiss [15] and Motion to Dismiss the Amended Complaint [20]. After a review of the record, the Court enters the following Order.

## **Background**[1]

Plaintiff Infor Global Solutions (Michigan), Inc. ("Infor") initiated this cause of action on December 11, 2008 against Defendant Hanover Foods Corporation ("Hanover") seeking to recover for the alleged improper and

---

[1]The Court makes no findings with regard to the facts stated herein, which are drawn primarily from Plaintiff's Amended Complaint [16].

unauthorized use of Infor's business software programs.[2]  Plaintiff contends that Defendant knowingly violated the terms of its restricted and non-exclusive license by using the software beyond the permissible scope.  Plaintiff claims that the 1987 and 1988 BPCS Software License Agreements ("Agreements") limit Defendant's use of the contracted software to use only on the specified computer or any computer that is a "direct and single replacement for it." (Amended Complaint, Dkt. No. [16] at ¶13-14.)  Plaintiff argues that Defendant exceeded the permissible use of the software by using it on a computer that is not a direct or single replacement of the computer specified in the Agreements.  Accordingly, Plaintiff seeks monetary damages for breach of contract (Count I) and unjust enrichment (Count II), along with injunctive relief barring Defendant from the continued non-authorized use of the software (Count III).  Defendant Hanover subsequently filed two motions to dismiss, which shall be addressed herein.

## Discussion

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint."

---

[2]Plaintiff subsequently filed an Amended Complaint on March 2, 2009 [16].

Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

**I.      Defendant's First Motion to Dismiss**

As a preliminary matter, the Court notes that Defendant Hanover Foods Corporation's First Motion to Dismiss [15] is still pending before this Court.

3

This Motion has been superseded by the filing of Plaintiff's First Amended Complaint [16] and Defendant's subsequent filing of its Motion to Dismiss Plaintiff's First Amended Complaint [20]. Accordingly, Defendant Hanover's First Motion to Dismiss [15] is DENIED as moot.

## II.     Defendant's Motion to Dismiss Amended Complaint

Defendant moves to dismiss the Amended Complaint based on a failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court shall address each Count in turn.

### A.     Breach of Contract (Count I)

Defendant argues that the breach of contract claim must fail because the contractual Agreements between the parties do not specify the terms that would apply in the event that Hanover used the software on unauthorized computers. (Dkt. No. [20] at 7.) Because the Agreements do not state a price, timing of payment, or length of license term that would take effect in the event of a breach, the parties did not reach a "bargain" in reference to the software use. (Dkt. No. [22] at 2.)

The Court finds the Defendant's argument misses the point. The Plaintiff argues, and the Court agrees, that an agreement need not provide all the

4

possible terms and conditions in anticipation of a breach. Upon a determination of a breach of contract claim, any ramifications are based upon the law of damages. The failure to designate applicable terms for the breach does not nullify or invalidate the contract. In viewing all reasonable inferences in the light most favorable to the non-moving party, the Court finds that Plaintiff has plead the requisite elements to assert a breach of contract claim. Viewing the Amended Complaint in its entirety, the Court determines that the factual allegations "raise the right to relief above the speculative level," as required under Twombly. Accordingly, Defendant's motion to dismiss Plaintiff's breach of contract claim (Count I) is DENIED.

### B. Unjust Enrichment (Count II)

Defendant argues that Plaintiff's claim for unjust enrichment must fail because the parties clearly entered into a contractual agreement regarding the license and software. See Arch Ins. Co. v. Bennett, 2009 U.S. Dist. LEXIS 18718 *13-14 (N.D. Ga. March 4, 2009) ( "[T]he theory of unjust enrichment applies when as a matter of fact there is no legal contract . . . but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or

5

compensate for.") Plaintiff clarifies in the pleadings that the unjust enrichment claim is plead in the alternative, in the event that the Court finds the Agreements unenforceable. (Dkt. No. [21] at 8.) A plaintiff may state separate alternative and even inconsistent claims. FED. R. CIV. P. 8(d).[3] Although Defendant does not contest the validity of the Agreements, at this stage of the litigation, and without the benefit of the contractual agreement, the Court cannot state that Plaintiff's claim fails to meet the plausibility standard.[4] Accordingly, Defendant's motion to dismiss Plaintiff's unjust enrichment claim (Count II) is DENIED.

### C. Injunctive Relief (Count III)

The Court agrees that a request for unjust enrichment is typically viewed as a remedy and not a cause of action. However, given the Court's rulings on

---

[3]Fed. R. Civ. P. 8(d) states in pertinent part:
(2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

[4]Citing proprietary reasons, Plaintiff has not yet submitted the licensing Agreements to the Court. The Court notes that no motions for a protective order are pending at this time.

6

the substantive claims above, the Defendant's motion to dismiss Plaintiff's injunctive relief claim (Count III) is DENIED.

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss [15] is **DENIED as moot.** Defendant's Motion to Dismiss the Amended Complaint [20] is **DENIED**.

**SO ORDERED** this  28th  day of August, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)